THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DISH NETWORK L.L.C., ECHOSTAR TECHNOLOGIES L.L.C., and NAGRASTAR LLC, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| ANDY HAGE, | ) ) ) |
| Defendant. | ) ) |

Case No. 3:16-cv-600-GCM

**FINAL JUDGMENT AND PERMANENT INJUNCTION**

**I.   NATURE OF THE CASE**

1.   Plaintiffs DISH Network L.L.C., EchoStar Technologies L.L.C., and NagraStar LLC (collectively, "DISH Network") filed this action against Defendant Andy Hage ("Defendant") for selling or otherwise trafficking in passcodes used for accessing a pirate television service called NFusion Private Server ("NFPS"). The NFPS service provided Defendant and his customers with the control words or "keys" that decrypt DISH Network's satellite signal. With these control words, Defendant and his customers were able to circumvent the DISH Network security system and receive DISH Network's satellite broadcasts of copyrighted television programming without having authorization from or without paying the required subscription fees to DISH Network.

2.   Defendant was properly served with a summons and DISH Network's complaint, but failed to file an answer, responsive pleading, or otherwise defend the lawsuit within the time allowed. DISH Network submitted evidence that Defendant is not an infant, not incompetent, and not on active duty with the military or otherwise exempted under the Servicemembers' Civil Relief Act.

3. As a result of Defendant's failure to answer or otherwise appear in this action, the Court accepts as true the following well-pleaded allegations from DISH Network's complaint:

(a) DISH Network is a multi-channel video provider that delivers video, audio, and data services to approximately 14 million subscribers throughout the United States via a direct broadcast satellite system. DISH Network uses high-powered satellites to broadcast, among other things, movies, sports and general entertainment services to consumers who have been authorized to receive such services after payment of a subscription fee, or in the case of a pay-per-view movie or event, the purchase price. (Dkt. 1, Compl. ¶¶ 9-10.)

(b) DISH Network contracts for and purchases the distribution rights for most of the programming broadcast on the DISH Network platform from providers such as network affiliates, pay and specialty broadcasters, cable networks, motion picture distributors, sports leagues, and other holders of programming rights. The works broadcast by DISH Network are copyrighted. DISH Network has the authority of the copyright holders to protect these works from unauthorized reception and viewing. (*Id.* ¶¶ 11-12.)

(c) DISH Network programming is digitized, compressed, and then scrambled prior to being transmitted to multiple satellites that are located in geo-synchronous orbit above Earth. The satellites relay the encrypted signal back down to Earth where the signal can be received by DISH Network subscribers that have the necessary equipment. (*Id.* ¶ 13.)

(d) The EchoStar Technologies receiver processes an incoming DISH Network satellite signal by locating an encrypted part of the transmission called the entitlement control message and forwards that message to the NagraStar smart card. Provided that the subscriber is tuned to a channel that he is authorized to watch, the smart card uses its decryption keys to unlock

the message, uncovering a control word. The control word is transmitted back to the receiver in order to decrypt the DISH Network satellite signal. (*Id.* ¶¶ 17-18.)

    (e)  NFPS is an Internet key sharing service that provides end users with the control words that descramble DISH Network television programming. End users that acquire control words from NFPS service are able to view DISH Network programming without having authority from or paying the required subscription fee to DISH Network. (*Id.* ¶ 25.)

    (f)  Defendant violated the Digital Millennium Copyright Act, 17 U.S.C. § 1201(a)(2), and the Federal Communications Act, 47 U.S.C. § 605(e)(4), as alleged in Counts I and II, by trafficking in passcodes for the NFPS service, which are primarily designed for and have no legitimate commercial purpose or use other than to circumvent the DISH Network security system and receive DISH Network programming without authorization. (*Id.* ¶¶ 25-28, 39-41.)

  4.  DISH Network requested statutory damages of $2,500 for each passcode trafficked in by Defendant, pursuant to 17 U.S.C. § 1203(c)(3)(A).

## II.  FINAL JUDGMENT & PERMANENT INJUNCTION

Upon default of Defendant, and the Court having reviewed the applicable law, evidence, and record in this matter, the Court hereby **ORDERS** as follows:

  1.  Defendant, and any person acting in active concert or participation with Defendant that receives notice of this order, is hereby permanently enjoined from:

    (a)  manufacturing, importing, offering to the public, providing, or otherwise trafficking in passcodes to the NFPS service, any other code or password used in accessing an IKS server, and any other technology or part thereof that is used in circumventing DISH Network's security system or receiving DISH Network programming without authorization;

    (b)  circumventing or assisting others in circumventing the DISH Network

security system, or receiving or assisting others in receiving DISH Network's satellite signal without authorization; and

    (c) testing, analyzing, reverse engineering, manipulating, or extracting code, data, or information from DISH Network's satellite receivers, smart cards, satellite stream, or any other part or component of the DISH Network security system.

  2. This permanent injunction takes effect immediately.

  3. Judgment is entered in favor of DISH Network on Count I and Count II of the complaint alleging Defendant's violations of 17 U.S.C. § 1201(a)(2) and 47 U.S.C. § 605(e)(4), respectively.

  4. Statutory damages of $45,000 are awarded to DISH Network on Count I, in accordance with 17 U.S.C. § 1203(c)(3)(A).

  5. The Court retains jurisdiction over this action for a period of two years for the purpose of enforcing this final judgment and permanent injunction.

  **IT IS SO ORDERED**.

Signed: November 28, 2016

*[signature]*

Graham C. Mullen
United States District Judge